## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. NO. 18cr00059 (RJL) |
| | ) | |
| | ) | |
| BRIAN JENKINS | ) | |
| Defendant | ) | |

### BRIAN JENKINS' MOTION FOR RELEASE PENDING TRIAL

**COMES NOW**, BRIAN JENKINS, defendant, through undersigned counsel Dwight E. Crawley, pursuant to 18 U.S.C. §3145(b) to respectfully request this Honorable Court release the defendant pending trial.  As grounds for this motion, the defendant states the following:

### BACKGROUND

1.      The defendant was charged with conspiracy to distribute and possession with the intent to distribute 28 grams or more of cocaine base (Count 1), as well as using, carrying and possessing a firearm in furtherance of a crime of violence or drug trafficking offense (Count 12).

2.      A detention hearing was held on March 23, 2018, before the Honorable Magistrate Judge Meriweather.  The defendant consented to detention and reserved his right to seek release at a later time.

### FACTORS TO BE CONSIDERED

Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonable assure the appearance of the person as required and

the safety of the community.  Those factors are:

(1) The nature and circumstances of the offense charged including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person—

i. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

ii. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release while pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## ARGUMENT

There is a rebuttable presumption contained in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the safety of any person in the community if the judge finds that there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.   The indictment itself is sufficient to create the probable cause creating the rebuttable presumption of flight. United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985). However, "reasonably assure" does not mean that release conditions must "guarantee" community safety and the defendant's appearance. United States v. Orta, 760 F.2d 887 (8th Cir.

1985).  In addition in <u>United States v. Jessup</u>, 757 F.2d 758 (1st Cir. 1985) the First Circuit

concluded that the statutory presumptions raised by serious drug offense shifted only the burden

of production not persuasion to the defendant. Once the defendant produces some evidence the

presumption does not evaporate but rather allows the court to give appropriate weight to the

presumption without shifting the burden of persuasion.  See <u>United States v. Fretias</u>, 602 F.Supp

1283 (N.D. Cal. 1985), and <u>United States v. Portes</u>, 786 F.2d 758 (7th Cir. 1985).  The

government retains the burden of proof by a preponderance where the issue is risk of flight,

<u>United States v. Vortis</u>, 785 F.2d 327 (D.C. Cir.1986), or by clear and convincing evidence if the

issue is danger to a person or the community.

　　　　In this case, the government does not have any evidence to assert that the defendant is a

risk of flight.  The defendant has not missed any court appearances and does not have the means

or relationships to travel outside of the United States.  In fact, it does not appear that the

defendant currently possesses a passport.  Moreover, this court's powers as well as the United

States Government's power to regulate travel are sufficient to ensure that the defendant does not

leave this court's jurisdiction.

　　　　Regarding whether the defendant poses a danger to the community, according to the

government, Mr. Jenkins allegedly engaged in or assisted in the sale of cocaine base on multiple

occasions.  In addition, the government maintains that it recovered approximately thirty-two (32)

grams of cocaine, a firearm and approximately $12,900.00, from the defendant's home.

　　　　Despite the allegations listed above, the government has not offered any other evidence to

support its position that Mr. Jenkins continues to pose a danger to the community.  No acts of

violence have been committed by Mr. Jenkins during this investigation.  No evidence of witness

intimidation or threats have been offered by the government.  In addition, the government has

not offered any evidence to support the notion that Mr. Jenkins is able to secure cocaine base from any other sources, much less, distribute cocaine base if on pretrial supervision.

Mr. Jenkins is a lifelong resident of Washington, DC.  He has never missed a court appearance.  He has not engaged in any acts of violence during the investigation of this case.  As such, he is not a risk of flight or a danger to the community.  There are conditions that can be set by this court that will ensure Mr. Jenkins' appearance as well as protect the community. Therefore, Mr. Jenkins requests that this court order his release pursuant to the Court's authority to place him in high intensity supervision to include electronic monitoring.

**WHEREFORE**, counsel respectfully requests that this court grant the defendant's motion.

Respectfully submitted
BRIAN JENKINS

/s/

_____
Dwight E. Crawley, Esq.
DC BAR #472672
Attorney for BRIAN JENKINS
Law Office of Dwight E. Crawley
1300 I. Street, NW
Suite 400E
Washington, DC 20005
(202) 580-9794 Phone
(202) 722-0246 Fax
vadclawyer@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record.

/s/
_____
Dwight E. Crawley, Esq.
DC BAR #472672
Attorney for BRIAN JENKINS
Law Office of Dwight E. Crawley
1300 I. Street, NW
Suite 400E
Washington, DC 20005
(202) 580-9794 Phone
(202) 722-0246 Fax
vadclawyer@gmail.com